# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0302V
UNPUBLISHED

| | |
|---|---|
| HEATHER A. CHASMAN,<br>*Executor of the*<br>ESTATE OF STEPHEN BURRITT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On February 26, 2019, Heather A. Chasman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her father, Stephen Burritt, suffered Guillain-Barré Syndrome (GBS) due to an influenza ("flu") vaccine administered to him on September 28, 2017, which led to his death on October 25, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 21, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $375,000.00,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

consisting of $125,000.00 for Mr. Burritt's past pain and suffering and $250,000.00 for the statutory death benefit. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $375,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HEATHER A. CHASMAN, Executor of the Estate of STEPHEN BURRITT,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 19-302V<br>Chief Special Master Corcoran<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

Petitioner, on behalf of the estate of her father, Stephen Burritt, filed a petition for compensation on February 26, 2019, alleging that her father suffered Guillain-Barré Syndrome ("GBS") due to an influenza ("flu") vaccine administered to him on September 28, 2017, which led to his death on October 25, 2017.  On April 20, 2020, respondent filed a Rule 4(c) Report, conceding that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Chief Special Master Corcoran issued a Ruling on Entitlement the same day, finding that petitioner was entitled to vaccine compensation for her father's injury and death.

### I.     Compensation for Vaccine Injury-Related Items

Based upon the evidence of record, respondent proffers that petitioner should be awarded $375,000.00, consisting of $125,000.00 for Mr. Burritt's past pain and suffering and $250,000.00 for the statutory death benefit.  This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of **$375,000.00**, in the form of a check payable to petitioner, as Executor of the Estate of Stephen Burritt.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Petitioner has provided documentation establishing that she has been appointed Executor of the Estate of Stephen Burritt.

> Respectfully submitted,
>
> JOSEPH H. HUNT
> Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> CATHARINE E. REEVES
> Deputy Director
> Torts Branch, Civil Division
>
> GABRIELLE M. FIELDING
> Assistant Director
> Torts Branch, Civil Division
>
> *s/ Traci R. Patton*
> TRACI R. PATTON
> Senior Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146
> Benjamin Franklin Station
> Washington, D.C.  20044-0146
> Telephone: (202) 353-1589

Dated:  April 21, 2020